# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONNIE LEROY SNYDER,<br><br>Defendant. | No. CR04-2008<br><br>**REPORT AND RECOMMENDATION** |

_____

This matter comes before the court pursuant to defendant's June 19, 2006 motion to suppress and request for hearing pursuant to Franks v. Delaware (docket number 14). The government resisted defendant's motion on June 26, 2006. On July 5, 2006, the undersigned heard oral argument on defendant's motion, at which the defendant was represented by Assistant Federal Public Defender Jane Kelly. The government was represented by Assistant United States Attorney Daniel Tvedt. As set forth below, it is recommended that defendant's motion for a Franks hearing be denied.

Winneshiek County Deputy Sheriff Timothy Felton applied for a search warrant for Lot 14, West Lewis Street in Calmar, Iowa. Deputy Felton believed that the defendant was making methamphetamine or preparing to make methamphetamine at that residence. In his motion to suppress, the defendant contends that Deputy Felton made false statements concerning the defendant's recent purchase of lithium batteries and omitted material information suggesting that the defendant did not reside at the property in question with his ex-wife. The government contends that Deputy Felton reasonably believed in the truth of the statements that he made in his affidavit and that the challenged statements are not material to a finding of probable cause.

1

## Franks v. Delaware

In order to prevail on a challenge to a warrant affidavit pursuant to Franks v. Delaware, 438 U.S. 154 (1978), the challenger must show (1) that a false statement knowingly and intentionally or with reckless disregard for the truth, was included in the affidavit and (2) that the affidavit's remaining content is insufficient to establish probable cause. United States v. Gladney, 48 F.3d 309, 313 (8th Cir. 1995).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

Franks, 438 U.S. at 171. See also United States v. Carpenter, 422 F.3d 738, 745 (8th Cir. 2005) (noting that a defendant is entitled to a Franks hearing only if he makes a "substantial preliminary showing that a false statement was included in the warrant affidavit either intentionally or with reckless disregard for the truth and the information was necessary to the finding of probable cause"). In determining recklessness, the court looks to "what the affiant 'believed or appropriately accepted' as true." United States v. Clapp, 46 F.3d 785, 800 (8th Cir. 1995) (internal citations omitted).

Further, in order to mandate a hearing, the challenged statements in the affidavit must be necessary to a finding of probable cause. United States v. Flagg, 919 F.2d 499 (8th Cir. 1990). United States v. Streeter, 907 F.2d 781, 788 (8th Cir. 1990) (contested material must be "vital" to probable cause). It must also be remembered that although the affidavit must contain statements that are truthful,

> This does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct. For probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that some times must be garnered hastily. But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true.

Franks, 438 U.S. at 165.

Omissions of facts are not misrepresentations unless they cast doubt on the existence of probable cause. United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987). The same analytical process used to determine whether an affidavit contains a material falsehood is used to determine whether an omission will vitiate a warrant affidavit under Franks. United States v. Lueth, 807 F.2d 719, 726 (8th Cir. 1986). The defendant must show that (1) the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading, and (2) that the affidavit, if supplemented by the omitted information, would not have been sufficient to support a finding of probable cause. With respect to the second element, suppression is warranted only if the affidavit as supplemented by the omitted material could not have supported the existence of probable cause.

## The Defendant's Franks Challenge

The defendant argues that the affiant for the search warrant in Winneshiek County, Iowa, on October 21, 2003, deliberately or recklessly included false information and omitted other material information necessary to the determination of probable cause. Specifically, Officer Felton stated that he had received information from a local businessman that the defendant had purchased one gallon of Coleman fuel, a box of platex plastic gloves, hose clamps, making tape, a hasp, a pack of 24 AAA lithium batteries and a quart of Snap brake fluid. This statement was partially false in that the batteries purchased by the defendant were standard alkaline batteries, not lithium batteries. In his

police report dated October 23, 2003, Officer Felton identified the batteries purchased as simply a "pack of AAA batteries." The word "lithium" was only present in the search warrant application. Officer Felton was also informed by the local businessman that the defendant spent approximately $40 on his entire purchase. The defendant contends that this is inconsistent with the purchase of 24 lithium batteries, which are significantly more expensive than alkaline batteries. The defendant argues that Officer Felton should have known that the batteries purchased were not lithium batteries. The defendant takes further issue with Officer Felton's affidavit insofar as it states that all of the purchased items, with the exception fo the hasp, were "commonly used in the manufacture of methamphetamine." By identifying the hasp as the sole non-methamphetamine manufacturing item, the defendant claims Officer Felton led the issuing judge to believe that the defendant purchased no other items. To the contrary, the defendant also bought a light bulb, a utility rope, and an adapter, which are not associated with the manufacture of methamphetamine, as part of the purchase at issue.

With respect to the alleged material omission, the defendant argues that Officer Felton represented to the issuing judge that he "was told that Ronnie Snyder was living at West Lewis Street, Lot 14, in Calmar Iowa, with Lori Snyder (his wife or ex-wife)." The Calmar, Iowa, Chief of Police provided this information. Officer Felton did not tell the issuing judge that the defendant reported his address as 410 West Sims in Stockton, Illinois. In his affidavit, Officer Felton stated that, from his training and experience, people found with drug manufacturing materials in their vehicles would have similar materials <u>at their residence</u> and people purchasing such items would transport those items to their <u>residence</u>, where they would be stored. The defendant contends that his Illinois address, therefore, casts doubt on probable cause to search the Iowa address.

The government argues that the defendant has not made assertions which would entitle him to an evidentiary hearing under <u>Franks v. Delaware</u>, and that defendant's motion to suppress should be denied. Setting aside the challenged material, probable cause

4

still existed to support the search warrant. In viewing the totality of the circumstances, the defendant purchased items used in the manufacture of methamphetamine, and was stopped leaving West Lewis Street, Lot 14, Calmar, Iowa, with additional items used to manufacture methamphetamine, including a methamphetamine recipe. With respect to the batteries, the government contends that the exact type of battery purchased could not be determined until the warrant was executed, and that the information as to the type of battery came from the businessman, who had previously supplied information leading to two search warrants and three arrests, had never given false information, and had no information to falsify the information. The government further argues that the businessman's information was corroborated by other items found during the search of the defendant and his vehicle incident to arrest before any search warrant was issued.[1]

Regarding defendant's residence, the government contends that Calmar, Iowa, Chief of Police Balik knew the defendant to be residing at West Lewis, Lot 14, with Lori Snyder, and this information was corroborated by other officers observing the defendant's car at this residence. Alternatively, the government argues, if defendant was merely a brief guest at West Lewis Street, Lot 14, Calmar, Iowa, then he had no legitimate expectation of privacy in the residence and his rights were not violated by the search of the residence, with or without a warrant. Finally, the government contends that even if the

---

[1] The businessman described the defendant and the vehicle he was driving as a white 1988 Lincoln Towncar with license plate number 517 MYP, which was registered to the defendant's mother. The businessman later identified the defendant from a photo lineup. The Lincoln Towncar was then observed parked in front of and driving away from West Lewis Street, Lot 14, Calmar, Iowa. Officer Felton learned that there was an active arrest warrant for the defendant out of Minnesota. Defendant was stopped while driving the Lincoln Towncar and placed under arrest. A search of the defendant revealed marijuana and over $536 in cash. A search of the vehicle revealed a digital scale, a cooking thermometer, two letters about drugs, a methamphetamine recipe, starter fluid, a two-way radio, and a vial of clear liquid. At this point the search of the defendant and his vehicle were stopped to obtain a search warrant for the vehicle and for the residence at West Lewis Street, Lot 14, Calmar, Iowa.

warrant is determined to be invalid, the evidence should not be suppressed pursuant to United States v. Leon, 468 U.S. 897, 922 (1984), as the officers acted in good faith in the execution of the warrant.

## Analysis

Deputy Felton identified the items purchased by the defendant in his affidavit as "one gallon of Coleman fuel, a box of platex plastic gloves, hose clamps, masking tape, a hasp, a pack of 24 AAA lithium batteries and a quart of Snap brake fluid." The defendant contends that the reference to "lithium" batteries was false and that Deputy Felton's description of the batteries was in reckless disregard for the truth. The evidence of his alleged reckless disregard for the truth is the omission of the word "lithium" in Felton's subsequent report (Exhibit D), his knowledge that the entire purchase amounted to approximately $40, and the fact that items obviously not related to the manufacture of methamphetamine were also purchased by the defendant.

Deputy Felton also stated in his affidavit that he had been informed by the Chief of Police of Calmar that the defendant was living in Calmar with his wife or ex-wife, Lori Snyder. The defendant claims that Deputy Felton omitted the fact that the defendant claimed to live at 410 West Simms in Stockton, Illinois, when stopped on October 21, 2003, by Trooper Gregg Rude. The defendant contends that this information is significant because Deputy Felton said in his affidavit that an individual purchasing precursors to manufacture methamphetamine would likely transport those items to his residence.

The issue is whether there was probable cause to search the defendant's ex-wife's property in Calmar, Iowa. Deputy Felton's statement about where methamphetamine manufacturers typically take precursors, however, is far less probative on the issue of probable cause than the other objective facts stated in the affidavit. The affidavit shows that the defendant had just purchased items consistent with the manufacture of methamphetamine including a gallon of Coleman fuel, plastic platex gloves, hose clamps, and masking tape. The defendant left with those items in a white 1988 Lincoln

6

automobile.  After the chief of police told Deputy Felton that the defendant was living with Lori Snyder, Felton observed the defendant's automobile parked in front of Lori Snyder's residence.  As he left that residence, he was under the influence of a controlled substance, he had marijuana in his pocket, a digital scale, a cooking thermometer, letters about drugs and a written recipe about cooking methamphetamine.  Regardless of the defendant's permanent residence, there was substantial evidence in the affidavit suggesting that the defendant was making methamphetamine or about to make methamphetamine at his ex-wife's residence.  This court does not believe that the omission of the defendant's Stockton, Illinois, residence was material to the search warrant affidavit or rendered it misleading in any way.

The use of the term "lithium" when describing the batteries purchased by the defendant was negligent at best.  It is understandable to assume that they were lithium because the defendant had purchased other items so typically associated with the manufacture of methamphetamine.[2]  However, the law is clear that the court must determine whether the allegedly false statements or omissions, if corrected, detract from a finding of probable cause.  Here, the information about batteries is insignificant to the issue of probable cause as there was so much other evidence of the defendant's intent to manufacture methamphetamine.  His motion to suppress should be denied.

---

[2] The fact that the defendant was in possession of a recipe for making methamphetamine causes the court to caution whether the defendant knew what kind of batteries he needed. However, it is equally plausible that the batteries were purchased for perfectly legitimate purchases.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[3] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that the June 19, 2006, motion to suppress be denied.

July 7, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[3]Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.