# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 04-CR-2008-LRR |
| vs. | **ORDER** |
| RONNIE LEROY SNYDER, | |
| Defendant. | |

_____

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  PRIOR PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.  THE MERITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     A.   *Franks v. Delaware* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     B.   Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
          1.   *Omission of Stockton, Illinois address* . . . . . . . . . . . . . . . 6
          2.   *Statement regarding hose clamps and masking tape* . . . . . . . 9
          3.   *Inclusion of word "lithium"* . . . . . . . . . . . . . . . . . . . . 11

V.   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## *I. INTRODUCTION*

Before the court are Defendant's Objections (docket no. 35) to Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 29; *United States v.*

*Snyder*, No. CR04-2008, 2006 WL 1886174 (N.D. Iowa July 7, 2006)), which recommends denying Defendant's Motion to Suppress and Request for Hearing Pursuant to *Franks v. Delaware* ("Motion to Suppress") (docket no. 14).

## II. PRIOR PROCEEDINGS

On February 26, 2004, Defendant was charged in a two-count Indictment. Count 1 of the Indictment charges Defendant with knowingly and intentionally possessing pseudoephedrine while knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Count 2 charges Defendant with knowingly and intentionally manufacturing and attempting to manufacture a mixture or substance containing five grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.

On June 19, 2006, Defendant filed the instant Motion to Suppress. On June 26, 2006, the government filed a Resistance. On July 5, 2006, Magistrate Judge Jarvey held a hearing on the Motion to Suppress ("Hearing") and the parties made oral arguments regarding whether an evidentiary hearing was necessary. On the same date, Magistrate Judge Jarvey issued a Report and Recommendation, in which he recommended denying Defendant's Motion to Suppress.[1] In the Report and Recommendation, Magistrate Judge Jarvey concluded that Defendant failed to satisfy the two-prong test required to warrant a *Franks* hearing. Magistrate Judge Jarvey concluded that the affiant, Winneshiek County Sheriff's Deputy Timothy Felton, did not intentionally make a material misstatement or omit material facts from the search warrant affidavit.

---

[1] On July 7, 2006, Defendant appeared before Magistrate Judge Jarvey and entered a conditional plea of guilty. On July 24, 2006, the undersigned accepted the Report and Recommendation regarding Defendant's guilty plea.

On July 17, 2006, Defendant filed the instant Objections to the Report and Recommendation.[2]

### III. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1). Because Defendant has made timely and specific objections in this case, the following *de novo* review is required. *Id.*

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

---

[2] In Defendant's Objections, he purports to enumerate five objections. The court, however, finds that there are only four objections. In Defendant's first enumerated objection he merely disagrees "with the position the government has taken, as summarized in the Report and Recommendation." The disagreement is not an objection to the findings or conclusions made by Magistrate Judge Jarvey in the Report and Recommendation.

3

## IV. THE MERITS

### A. Franks v. Delaware

Under *Franks v. Delaware*, 438 U.S. 154 (1978), Defendant may challenge the veracity of statements made in an affidavit supporting a search warrant. *Id.* In order to prove a *Franks* violation with respect to false statements, Defendant has the burden to make a preliminary substantial showing that (1) a sworn affidavit to a search warrant includes a statement either knowingly or intentionally made, or made with reckless disregard for the truth, and (2) the allegedly false statement is necessary for a finding of probable cause. *Id.* at 155-56. Furthermore, with respect to material omissions, the Eighth Circuit Court of Appeals has provided:

> To prevail on a *Franks* claim based on an omission of fact, the defendant must prove (1) that facts were omitted with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading, and (2) that the affidavit, if supplemented with the omitted information, would not have been sufficient to support a finding of probable cause.

*United States v. Tucker*, No. 06-1218, 2006 WL 1995747, *3 (8th Cir. July 18, 2006) (citing *United States v. Allen*, 297 F.3d 790, 795 (8th Cir. 2002) and *United States v. Reivich*, 793 F.2d 957, 960-61 (8th Cir. 1986)).

A presumption of validity exists with respect to search warrant affidavits. *Franks*, 438 U.S. at 171. "[S]ubstantial deference" should be given to the issuing judge's determination of probable cause and the "totality of the circumstances" is considered in determining whether probable cause existed when the officer sought the search warrant from the issuing judge. *United States v. Amburn*, 412 F.3d 909, 917 (8th Cir. 2005).

To be entitled to an evidentiary hearing,

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.

4

> There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Franks*, 438 U.S. at 171. "When no proof is offered that an affiant deliberately lied or recklessly disregarded the truth, a *Franks* hearing is not required." *United States v. Rodriguez*, 414 F.3d 837, 842 (8th Cir. 2005) (citing *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997)). "This showing of deliberate or reckless falsehood is 'not lightly met.'" *United States v. Lucca*, 377 F.3d 927, 931 (8th Cir. 2004) (citing *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987)); *see also Gabrio*, 295 F.3d at 883 ("The type of showing required is not easily met."). In determining whether a statement is reckless, the Eighth Circuit Court of Appeals has instructed the court to examine "what the affiant believed or appropriately accepted as true." *United States v. Clapp*, 46 F.3d 785, 800 (8th Cir. 1995) (quotation and citation omitted).

If Defendant prevails in making a preliminary showing, then the Fourth Amendment requires and evidentiary hearing. *Franks*, 438 U.S. at 155-56. If, at such a hearing, Defendant is able to prove by a preponderance of the evidence that the statements were made deliberately or with reckless disregard for the truth, the court then looks to the remaining facts in the affidavit to determine if they support a finding of probable cause. *Id*. The *Franks* Court further provided:

> [I]n the event that at that hearing the allegation of perjury or reckless disregard is established by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to

> establish probable cause, the search warrant must be voided
> and the fruits of the search excluded to the same extent as is
> probable cause was lacking on the face of the affidavit.

*Id.* at 156.

### B. *Analysis*

#### 1. *Omission of Stockton, Illinois address*

When Defendant was arrested at about 6:10 p.m. on October 21, 2003, he informed the arresting officer that he resided in Stockton, Illinois. Defendant objects to the fact that the information regarding the Illinois residence was omitted from the affidavit. He claims the omission was a material omission which entitles him to a *Franks* hearing. He argues that Deputy Felton intentionally or recklessly omitted the information from his affidavit and, had that information been included, the search warrant would not have contained probable cause.

Defendant specifically objects to Magistrate Judge Jarvey's conclusion in the Report and Recommendation that "Deputy Felton's statement about where methamphetamine manufacturers typically take precursors . . . is far less probative on the issue of probable cause than the other objective facts stated in the affidavit." (docket no. 35 at ¶ 2). Defendant argues that Deputy Felton's affidavit focused on the fact that manufacturers store their precursors at their "residences." Defendant further argues that, if the information about Defendant's Illinois residence had been included in the affidavit, there would not have been sufficient evidence to find probable cause that methamphetamine manufacturing materials would be found at his ex-wife's residence, namely, the property at West Lewis Street, Lot 14, Calmar, Iowa ("Lewis Street Residence"). Defendant also specifically objects to the following statements in the Report and Recommendation: "Regardless of the defendant's permanent residence, there was substantial evidence in the

affidavit suggesting that the defendant was making methamphetamine at his ex-wife's residence[,]" and "[t]his court does not believe that the omission of the defendant's Stockton, Illinois, residence was material to the search warrant affidavit or rendered it misleading in any way." (docket no. 35 at ¶ 4).

In Deputy Felton's affidavit, he stated the following:

> Based upon my training and experience, I believe that a person in possession of narcotics and precursors to manufacture in that persons vehicle would have similar materials in their residence. I further believe that an individual purchasing precursors to manufacture methamphetamine would transport those items to the individual's residence, and the residence would be used to store the precursors, controlled substances, paraphernalia and associated items.

Viewing de novo the search warrant affidavit, the parties' arguments and the evidence presented at the Hearing, the court finds that Magistrate Judge Jarvey's statements were proper.

The court finds that the numerous "objective facts" in the affidavit were more probative to probable cause than Deputy Felton's statement that methamphetamine manufacturers typically store their precursors in their "residences." The objective facts in the affidavit included information that a credible Calmar businessman told Deputy Felton that an intoxicated man was purchasing methamphetamine precursors. The customer was identified as Defendant. The affidavit included the fact that Deputy Felton then identified the vehicle described by the businessman and determined that vehicle was registered to Defendant's mother. The Calmar Chief of Police informed Deputy Felton that Defendant was "living at" the Lewis Street Residence with his "wife or ex-wife," Lori Snyder. In the affidavit, Deputy Felton stated that he drove by the Lewis Street Residence at 2:48 p.m. on October 21, 2003, and the vehicle described by the businessman was

parked there. Also, Winneshiek County Sheriff's Deputy Garth Narum observed the same vehicle being driven away from the Lewis Street Residence at approximately 6:07 p.m. that day. The affidavit states that, due to the fact there was an outstanding warrant for Defendant's arrest, Iowa State Trooper Gregg Rude stopped Defendant in the vehicle and arrested him at about 6:10 p.m. During the traffic stop, Trooper Rude and Winneshiek County Sheriff's Deputy Jeff Berns noted that Defendant "had marijuana in his pocket and appeared to be under the influence of a substance other than alcohol." Additionally, Defendant had over $536 cash in his pocket and his vehicle contained "a digital scale, cooking thermometer, two letters about drugs, a written recipe for cooking methamphetamine, starter fluid, a two way radio and a vial of clear liquid."

The court finds that Defendant has not show that Deputy Felton's omission was intentional or reckless, or that the affidavit would have been lacking probable cause had the fact of Defendant's Illinois residence been included. *See Tucker*, 2006 WL 1995747, at *3 (setting forth two factors that defendants must show to be entitled to a *Franks* hearing). Defendant has not met his burden of showing there was a material omission in the search warrant affidavit. Had Deputy Felton included information about Defendant's Illinois residence in the affidavit, there still would have been probable cause to search the Lewis Street Residence. The inclusion of this fact would not have obviated all of the other incriminating facts that were set forth in the affidavit. The fact that Defendant allegedly resided in Illinois would not have changed the other facts in the affidavit. Even had the magistrate judge known that Defendant told the arresting officers that he lived in Illinois, the fact remained that Defendant had purchased items (which he possessed in the vehicle he was driving) that were indicative of methamphetamine manufacturing. The Calmar Chief of Police informed Deputy Felton that Defendant had been staying at the Lewis Street Residence and officers observed the car Defendant had been driving parked at the

Lewis Street Residence during the day of his arrest. Therefore, Defendant fails "to make the required showing . . . that the affidavit supplemented by the omitted information [concerning the Stockton, Illinois, address] could not have supported the finding of probable cause." *United States v. Flagg*, 919 F.2d 499, 503 (8th Cir. 1990).

Accordingly, the court shall overrule the objections in paragraphs 2 and 4 of Defendant's Objections.

### 2. *Statement regarding hose clamps and masking tape*

Defendant objects to Magistrate Judge Jarvey's conclusion in the Report and Recommendation that hose clamps and masking tape are "items consistent with the manufacture of methamphetamine." (docket no. 35 at ¶ 3).

According to the affidavit, hose clamps and masking tape are two of the items Defendant purchased on October 21, 2003. In the affidavit, Deputy Felton stated that these were two of several items purchased by Defendant that "are commonly used in the manufacture of methamphetamine." Deputy Felton also stated in the affidavit that he has been in law enforcement for twenty-six years, he has been a Deputy Sheriff for thirteen years and he has "received training concerning narcotic detection, interdiction and enforcement."

The court agrees with Defendant that both masking tape and hose clamps are innocuous items that many people innocently purchase every day. However, each can also be items that are "consistent with the manufacture of methamphetamine," especially when viewed along with other methamphetamine manufacturing tools or ingredients. The court finds that hose clamps are items that are items that are commonly used in the manufacture of methamphetamine. *See, e.g.*, *United States v. Baskin*, 401 F.3d 788, 790 (7th Cir. 2005) (noting that the searching officer knew that hose clamps were evidence of methamphetamine production); *United States v. Ameling*, 328 F.3d 443, 446 (8th Cir.

9

2003) (noting that "hose clamps" were among methamphetamine manufacturing items discovered); *State v. Potter*, 72 S.W.3d 307, 311 (Mo. Ct. App. 2002) (same).

The court also finds that adhesive tapes are often used in the methamphetamine manufacturing process for various purposes, including to hold-together HCL generators, to tape coverings over windows, and to hold lids on coolers containing anhydrous ammonia. *See, e.g.*, *United States v. Eide*, 297 F.3d 701, 703 (8th Cir. 2002) (noting that duct tape is an item that is "commonly used in the theft of anhydrous ammonia" during methamphetamine manufacturing activities); *McWhorter v. State*, 621 S.E.2d 571, 573 (Ga. Ct. App. 2005) (affirming conviction for conspiring to manufacture methamphetamine where officers found, among other items, a plastic bottle with tubing "taped" to its lid); *State v. Mickle*, 164 S.W.3d 33, 40 (Mo. Ct. App. 2005) (affirming convictions for methamphetamine-related crimes where officers found numerous items that are "commonly associate with the manufacture of methamphetamine," including "black tape"); *West v. State*, 805 N.E.2d 909, 911-12 (Ind. Ct. App. 2004) (upholding conviction for possession of anhydrous ammonia with an intent to manufacture methamphetamine where defendant possessed numerous items including "a two-liter Mountain Dew bottle with a garden hose attached to it with black electrical tape").

The court notes that, even if masking tape is not the type of tape that is typically associated with methamphetamine manufacturing, Defendant's objection is overruled because Magistrate Judge Jarvey's conclusion is not fatal to the ultimate findings in the Report and Recommendation, that is, that a *Franks* hearing was not warranted and that the search warrant was constitutionally firm.

Accordingly, the court shall overrule the objection in paragraph 3 of Defendant's Objections.

### 3. Inclusion of word "lithium"

Defendant objects to Magistrate Judge Jarvey's finding that Deputy Felton's use of the term "lithium" when describing the batteries purchased by Defendant was "negligent at best." (docket no. 35 at ¶ 5). Defendant also objects to the statement in the Report and Recommendation that "[i]t is understandable to assume that [the batteries] were lithium because the defendant had purchased other items so typically associated with the manufacture of methamphetamine." (*Id.* at ¶ 5). Defendant argues that Deputy Felton's "training and experience" in the area of methamphetamine manufacturing alerted him to the fact that Defendant could not have purchased twenty-four lithium batteries, as well as other items, for only $40 (which is what the local businessman reported Defendant had spent on his purchases). Defendant also argues that Deputy Felton's report regarding the information he received from the businessman only stated that Defendant purchased "a twenty-four pack of batteries." Therefore, Defendant argues that Deputy Felton's use of the term "lithium" in the affidavit showed a reckless disregard for the truth. *Franks*, 438 U.S. at 171.

The affidavit provides the following information: The businessman informed Deputy Felton that Defendant was in the store approximately forty-five minutes looking for items before he made any purchases and that Defendant was intoxicated. Defendant purchased the following items: "one gallon of Coleman fuel, a box of platex [sic] gloves, hose clamps, masking tape, a hasp, a pack of 24 AAA lithium batteries and a quart of Snap brake fluid." Defendant's arrest warrant was based, in part, on narcotics possession. When Defendant was stopped, he appeared intoxicated by something other than alcohol and he had marijuana and over $500 in his pockets. The vehicle Defendant was driving at the

11

time of his arrest contained "a digital scale, a cooking thermometer, two letters about drugs, a written recipe for cooking methamphetamine, starter fluid, a two way radio and a vial of clear liquid."

Here, Defendant has not met his burden of showing either a material falsehood or that probable cause would have been lacking had the word "lithium" been omitted from the affidavit. *Franks*, 438 U.S. at 155-56. First, the court finds that Defendant has not shown that the inclusion of the word "lithium" in the affidavit was intentional or reckless. The omission of the word "lithium" in Deputy Felton's report and the inclusion of the word in the affidavit is not proof that Deputy Felton deliberately lied or recklessly disregarded the truth. Second, even if Deputy Felton's actions rose to the level of recklessness, Defendant still fails to show that the inclusion of the word "lithium" in the affidavit was necessary to support a finding of probable cause. Ample evidence, including the methamphetamine recipe, drug letters, digital scale, large amount of cash, starter fluid, Coleman fuel and the fact that Defendant possessed marijuana and had a pending arrest warrant for narcotics possession, provided probable cause that Defendant was producing or about to produce methamphetamine. *Franks*, 438 U.S. at 155-56. That is, even if the word "lithium" had been omitted from the search warrant affidavit, the affidavit still "presents sufficient facts to justify a prudent person in the belief that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Riedesel*, 987 F.2d 1383, 1390 (8th Cir. 1993) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Accordingly, the court shall overrule the objections in paragraph 5 of Defendant's Objections.

## *V. CONCLUSION*

For all of the foregoing reasons, the court finds that Defendant has not shown that Deputy Felton either intentionally or recklessly omitted or included information to make the affidavit misleading. Even if the disputed information is added to or removed from the affidavit, the search warrant is, in all cases, supported by probable cause. Magistrate Judge Jarvey correctly concluded that Defendant is not entitled to a *Franks* hearing.

**IT IS THEREFORE ORDERED**:

(1) Defendant's Objections to Report and Recommendation (docket no. 35) are **OVERRULED**;

(2) Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 29) is **ADOPTED**; and

(3) Defendant's Motion to Suppress (docket no. 14) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 14th day of August, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA