IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. CR 04-2008 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| RONNIE LEROY SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court pursuant to the defendant's pro se motion to withdraw his guilty plea. Docket #42.[1] The court held a hearing on this motion on October 12, 2006, at which the defendant was present and represented by Jane Kelly. The government was represented by Assistant United States Attorney Dan Tvedt. It is recommended that the motion to withdraw the guilty plea be denied.

The defendant was arraigned on May 22, 2006, on a two-count indictment charging him with possessing pseudoephedrine, knowing that it would be used to manufacture methamphetamine, and with attempt to manufacture five grams or more of actual methamphetamine. On June 19, 2006, he filed a motion to suppress evidence and requested a hearing pursuant to Franks v. Delaware. On July 7, 2006, this court did a Report and Recommendation in which it recommended that the motion to suppress be denied. The motion was denied by Order dated August 14, 2006.

---

[1]This motion was filed together with a motion for substitution of counsel. When the motion for substitution of counsel was resolved, this court inadvertently terminated both motions from the electronic case filing system. As a result, this court only discovered recently that the motion to withdraw the guilty plea had not received a ruling.

In the interim, the defendant filed a notice of consent to the entry of a guilty plea. He entered that plea on July 7, 2006, before the undersigned United States Magistrate Judge. As a part of his plea agreement, the defendant was permitted to reserve the right to appeal any denial of his motion to suppress evidence.

At the time he signed the plea agreement, neither the prosecutor nor Mr. Snyder's attorney was able to determine whether he qualified as a career offender. There was confusion as to when the defendant left custody on at least one offense for which he ws convicted.

The subject of the defendant's criminal history was the topic of conversation on many occasions between the defendant and his attorney at the Linn County Jail. The defendant argued with his lawyer about whether a particular burglary conviction could be used a predicate offense for career offender status. As a result, the plea agreement specifically provides for a determination of the defendant's base offense level, using drug quantity calculations (paragraph 11a) and a base offense level if the defendant qualified as a career offender (paragraph 11b).

At the hearing on the motion to withdraw his guilty plea, the defendant contended that he did not know or did not believe that he could be sentenced as a career offender. This statement is specifically refuted by the above-cited terms of his plea agreement, which he testified at the plea hearing that he understood and agreed with. It is also inconsistent with the process leading up to his guilty plea that was credibly explained by his lawyer.

The defendant also moves to withdraw his guilty plea, complaining that other matters should have been brought up as a part of his motion to suppress evidence. As noted above, the defendant retains his right to appeal from the denial of his motion to suppress. However, even if the defendant was permitted to withdraw his guilty plea, he would not be permitted to re-litigate the motion to suppress.[2] Accordingly, this is not grounds for the withdrawal of a guilty plea.

CONCLUSIONS OF LAW

While Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw or set aside his plea for any fair and just reason, the Rule "does not create an automatic right to withdraw a plea." U.S. v. Gamble, 327 F.3d 662, 663 (8th Cir. 2003) (quoting U.S. v. Kelly, 18 F.3d 612, 618 (8th Cir. 1994)). Rather, "[a] defendant bears the burden of establishing such a justification." U.S. v. Embrey, 250 F.3d 1181, 1183 (8th Cir. 2001) (citing U.S. v. Prior, 107 F.3d 654, 657 (8th Cir. 1997)). Factors a court must consider in determining whether to set aside a guilty plea include: (1) whether the defendant has demonstrated a fair and just reason; (2) whether the defendant has asserted his innocence; (3) the length of time between the guilty plea and the motion to withdraw; and (4) whether the government would be prejudiced. Embrey, 250 F.3d at 1183 (citing Prior, 107 F.3d at 657).

---

[2]The court discussed in detail with the defendant the additional matters that he contends should have been raised as a part of the motion to suppress evidence. None of these matters were material to the outcome of that motion.

3

The defendant has failed to demonstrate a fair and just reason to withdraw his guilty plea. He was aware of both of the reasons that he now asserts to withdraw the plea at the time he entered his plea. Second, the defendant has not asserted innocense, he simply contends that the evidence in this case should have been suppressed and that he should not be scored as a career offender for sentencing purposes. The defendant could have withdrawn his guilty plea at any time prior to the date on which it was accepted. Instead, he waited over two months to attempt to do so. This court does not believe that the government would be prejudiced by the withdrawal of the plea, other than to put it through the burden and expense of a trial that would otherwise be unnecessary. On balance, the factors do not support the defendant's motion to withdraw his guilty plea.

Upon the foregoing, IT IS RECOMMENDED that unless any party files objections to this Report and Recommendation on or before January 26, 2007, that the motion to withdraw the guilty plea be denied.

January 19, 2007.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT